ANTONETTE CHURUKIAN, EXECUTRIX OF THE ESTATE OF ALBERT CHURUKIAN, PETITIONER-RESPONDENT, v. UNARCO INDUSTRIES, INC., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 30, 1979—Decided June 18, 1979.

Before Judges LYNCH, CRANE and HORN.

*Messrs. Dwyer, Connell & Lisbona,* attorneys for appellant (*Mr. Sheldon Schiffman* on the brief).

*Messrs. Goldstein, Ballen & O'Rourke,* attorney for respondent (*Mr. Robert S. Sirota* on the brief).

The opinion of the court was delivered by

CRANE, J. A. D.   Respondent employer appeals from a determination of the Division of Workers' Compensation awarding dependency benefits to the widow of a deceased former employee. It was stipulated below that petitioner's husband was employed from 1941 to 1954 (when the respondent closed the plant) ; that petitioner's husband had contracted an occupational disease; that in 1957 he re-

ceived a workers' compensation award for pulmonary asbestosis, and that he died on July 8, 1972 of carcinoma of the lung. Petitioner's dependency claim petition was filed on July 8, 1974.

For the purposes of this appeal it is admitted that petitioner's husband died as the result of a work-related cancer condition. The judge of compensation found that petitioner knew her husband had cancer before he died and that the cancer was due to asbestosis which came from his work with respondent. The judge ruled, however, that the period of limitation provided by *N. J. S. A.* 34:15-34. did not begin to run until the date of death with respect to a dependency claim, and therefore the petition was filed within time.

The employer contends that the judge of compensation improperly interpreted the state of the law with regard to the question of the period of limitations in connection with dependency benefits. It is urged that under the provisions of *N. J. S. A.* 34:15-34, *N. J. S. A.* 34:15-35, *N. J. S. A.* 34:15-41 and *N. J. S. A.* 34:15-51 the dependency petition should have been filed within two years of the time petitioner knew the nature of her husband's condition and its relation to his former employment

*N. J. S. A.* 34:15-35 provides, generally, that all of the statutory provisions relating to injury or death by accident are applicable to injury or death by compensable occupational disease. *N. J. S. A.* 34:15-41 provides that all claims for compensation by reason of personal injury or death shall be barred unless a petition is filed in accordance with *N. J. S. A.* 34:15-51. *N. J. S. A.* 34:15-51 provides that the petition must be filed within "two years after the date on which the accident occurred" or within two years of the failure of an employer to make payment in accordance with an agreement to do so, or, if part of the compensation has been paid, within two years of the last payment of compensation. *N. J. S. A.* 34:15-34, which was last amended by *L.* 1974, *c.* 65, provides, in pertinent part, as follows:

Notwithstanding time limitation for the filing of claims for compensation as set forth in sections 34:15-41 and 34:15-51, or as set forth in any other section of this Title, there shall be no time limitation upon the filing of claims for compensation for compensable occupational disease, as hereinabove defined; provided, however, that where a claimant knew the nature of the disability and its relation to the employment, all claims for compensation for compensable occupational disease shall be barred unless a petition is filed in duplicate with the secretary of the division in Trenton within 2 years after the date on which the claimant first had such knowledge; * * *.

In approaching the matter of interpretation of the Workers' Compensation Act we must bear in mind the beneficent purpose of this important social legislation. It has been a long-standing rule that the provisions of the statute are to be liberally construed. *Torres v. Trenton Times Newspaper,* 64 *N. J.* 458, 461 (1974) ; *Petrozzino v. Monroe Calculating Machine Co., Inc.,* 47 *N. J.* 577, 580 (1966) ; *Close v. Kordulak Bros.,* 44 *N. J.* 589, 604 (1965). The relief sought to be provided by the 1974 amendment to *N. J. S. A.* 34:15-34, *L.* 1974 *c.* 65, was to liberalize the then-existing time limitations as to the filing of petitions for occupational disease claims. *Panzino v. Continental Can Co.,* 71 *N. J.* 298, 302-303 (1976). Our orientation in construing the words of legislation with such purposes is to consider the object and nature of the subject matter, the mischief felt and the remedy in view. We are not obliged to engage in a scholastic scrutiny of the language employed but are to seek out the internal meaning of the statute in a reasonable sense. *San-Lan Builders, Inc. v. Baxendale,* 28 *N. J.* 148, 155 (1958) ; *Wright v. Vogt,* 7 *N. J.* 1 (1951).

As we read the statutory language, no period of limitations is now provided in occupational disease cases unless the claimant knew the nature of the disability and its relation to the employment, in which case the period of limitations is "2 years after the date on which the claimant first had such knowledge." In this case the basic subject matter of the petition for benefits is the death of petitioner's hus-

band. Petitioner could not have filed a claim until her husband's death occurred. She may have had knowledge of the nature of his illness and its relation to his former employment prior to his death, as the judge of compensation found, but she did not have knowledge of his death until it occurred. The requisite knowledge contemplated by the statute, i. e., "the nature of the disability and its relation to the employment," thus did not come into being until her husband's death.

We are not persuaded, as the employer argues, that the issue is controlled by *Oleyar v. Swift & Co.*, 51 *N. J.* 470 (1968). If petitioner's husband's death had been caused by an accidental injury, as was the case in *Oleyar*, we would of course be obliged to follow it. We do not find that decision applicable by analogy to an occupational disease situation. In *Oleyar* it was said that "the matter is basically legislative." 51 *N. J.* at 472. With regard to occupational disease death dependency petitioners the Legislature has manifested its intention by the amendment to *N. J. S. A.* 34:15-34 to eliminate entirely the period of limitation provided in *N. J. S. A.* 34:15-51 except where the dependent petitioner knew the nature of the disability and its relationship to the employment of decedent at the time of his death. In such a case, the period of time within which a petition may be filed is limited to two years from the death of the employee.

Petitioner contends that there was no evidential support for the finding of the judge of compensation that she knew of the relation between her husband's illness and his employment before his death. In view of our conclusion on the issue of the period of limitations, it is not necessary for us to consider this issue.

Affirmed.